In the Matter of NANDOR B. HONTI et al., Petitioners, against MURRAY W. STAND, as City Clerk of the City of New York, Respondent.

Supreme Court, Special Term, New York County, November 30, 1951.

*Margaret Smith* for petitioners.

*Denis M. Hurley, Corporation Counsel,* for respondent.

O'BRIEN, J. The court is of the opinion this article 78 proceeding should receive favorable consideration. The petitioners were refused a marriage license upon their application made pursuant to subdivision 8 of section 13-a of the Domestic Relations Law. They claim they became common-law husband and wife on April 4, 1933. If that is the fact they are now legally married. However, that issue is not here for the refusal was not based upon a determination there was no existing marriage. Rather refusal was made without investigation and upon the theory that the issuance is restricted to the second or subsequent ceremony and in this instance no second or subsequent ceremony is involved. It is doubtful that the Legislature intended to declare that marriage by common-law contract is not a ceremony in the sense used here so as to exclude such existing marriage as qualification for license. This would seem to follow from section 15 prescribing the duties of town and city clerks, of which the pertinent portion provides: " The town or city clerk is hereby given full power and authority to administer oaths and may require the applicants to produce witnesses to identify them or either of them and may examine under oath or otherwise other witnesses as to any material inquiry pertaining to the issuing of the license, and if the applicant is a divorced person the clerk may also require the production of a certified copy of the decree of the divorce, or proof of an existing marriage of parties who apply for a license to be used for a second or subsequent ceremony; provided, however, that in cities of the first class the verified statements and affidavits may be made before any regular clerk of the city clerk's office designated for that purpose by the city clerk. "

If respondent's contention were correct, then applicant would be required to furnish proof of an existing ceremonial marriage other than common-law marriage. On the contrary, the sections read together tend to indicate that proof of an existing marriage is sufficient.

Petitioners have submitted clear . and abundant proof of the claimed marriage. It is not for the court, however, to examine the proof in this regard in the first instance. That was not done by the respondent as it was his view the law did not require that he reach the point of investigation. In this he was in error.

Accordingly, the motion is granted to the extent of remanding the matter to the respondent for further action in accord with this opinion.